42 N.J. Super. 71 (1956)
125 A.2d 914
HELEN K. ARNHEITER, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF BURNETTE K. GUTERL, DECEASED, PLAINTIFF,
v.
HELEN K. ARNHEITER AND MARY B. ARNHEITER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 17, 1956.
*72 Mr. Michael J. Bruder, attorney for plaintiff.
SULLIVAN, J.S.C.
Burnette K. Guterl died on December 31, 1953, leaving a last will and testament which has been admitted to probate by the Surrogate of Essex County. By paragraph 2 of said will her executrix was directed "to sell my undivided one-half interest of premises known as No. 304 Harrison Avenue, Harrison, New Jersey," and use the proceeds of sale to establish trusts for each of decedent's two nieces.
This suit comes about because the decedent did not own or have any interest in 304 Harrison Avenue either at her death or at the time her will was executed. At the hearing it was established that the decedent, at the time her will was executed and also at the time of her death, owned an undivided one-half interest in 317 Harrison Avenue, Harrison, New Jersey, and that this was the only property on Harrison Avenue that she had any interest in.
Plaintiff-executrix has applied to this court to correct an obvious mistake and to change the street number *73 in paragraph "2" of the will to read "No. 317 Harrison Avenue" instead of "No. 304 Harrison Avenue." Relief cannot be granted to the plaintiff in the precise manner sought. It matters not that an obvious mistake in the form of a misdescription is proved. A court has no power to correct or reform a will or change any of the language therein by substituting or adding words. The will of a decedent executed pursuant to statute is what it is and no court can add to it.
Plaintiff, however, is not without recourse. In the construction of wills and other instruments there is a principle "falsa demonstratio non nocet" (mere erroneous description does not vitiate), which applies directly to the difficulty at hand.
"Where a description of a thing or person consists of several particulars and all of them do not fit any one person or thing, less essential particulars may be rejected provided the remainder of the description clearly fits. This is known as the doctrine of falsa demonstratio non nocet." Clapp, 5 N.J. Practice, section 114, page 274
A leading case involving the application of the above maxim to facts similar to our own is Patch v. White, 117 U.S. 210, 6 S.Ct. 617, 710, 29 L.Ed. 860 (1886). There, the testator bequeathed to his brother land which he described as belonging to himself and as containing improvements, the lot being "`numbered six, in square four hundred and three.'" He did not own the lot so numbered but did own lot number 3, in square 406, which was improved. The lot numbered 6 in square 403 had no improvements. The court applied the principle of falsa demonstratio non nocet, and by disregarding or rejecting the words "six" and "three" in the description, concluded that the lot owned by the decedent passed to his brother under this provision of the will.
Turning to the problem at hand and to the description of the property as set forth in paragraph 2 of the will, we find the street number "304" to be erroneous because decedent did not own that property. If we disregard or reject that *74 item of description, the will then directs the executrix "to sell my undivided one-half interest of premises known as Harrison Avenue, Harrison, New Jersey." Since it has been established that the decedent, at the time of her death and also when she executed her will, had an interest in only one piece of property on Harrison Avenue, Harrison, New Jersey; that her interest was an undivided one-half interest; that the property in question is 317 Harrison Avenue; and that decedent made no other specific provision in her will relating to 317 Harrison Avenue, we are led inevitably to the conclusion that even without a street number, the rest of the description in paragraph 2 of the will is sufficient to identify the property passing thereunder as 317 Harrison Avenue.
Judgment will be entered construing decedent's will as aforesaid.